PER CURIAM.
This disciplinary proceeding by The Florida Bar against Robert B. Alford, a member of The Florida Bar, is presently before us *616 on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar, article XI, Rule 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee recommended as follows:
In view of the foregoing, this referee recommends that the respondent be found guilty of professional neglect by failing to carry out an employment contract in violation of Disciplinary Rule 6-101(A)(3) which provides that a lawyer shall not neglect a legal matter entrusted to him. This referee also recommends that the Respondent be found guilty of having violated Disciplinary Rule 7— 101(A)(2) which provides that a lawyer shall not unduly fail to carry out a contract of employment entered into with a client for professional services. This referee further recommends that the respondent be found guilty of having violated Disciplinary Rule 7-101(A)(3) which provides that a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship.
The referee further recommended that respondent be suspended from the practice of law for a period of three years and not be reinstated unless the respondent submits proof of alcoholic rehabilitation.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Robert B. Alford, is hereby suspended from the practice of law in the State of Florida for a period of three years, effective immediately, and respondent shall not be reinstated unless he establishes alcoholic rehabilitation.
Costs in the amount of $437.04 are hereby taxed against respondent.
It is so ordered.
BOYD, Acting C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.